**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| DELSHAUN NIX, | : | Case No. 2:26-cv-163 |
| | : | |
| Petitioner, | : | |
| | : | District Judge Algenon L. Marbley |
| vs. | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| WARDEN, SOUTHERN OHIO | : | |
| CORRECTIONAL FACILITY, | : | |
| | : | |
| Respondent. | : | |

**ORDER *and***
**REPORT AND RECOMMENDATION**

This 28 U.S.C. § 2254 habeas corpus case is before the Court on Motions by Petitioner seeking appointment of counsel (Doc. 6) and release from custody on bail. (Doc. 8). The Motions are addressed in the order they were filed.

**A.      Motion for Appointment of Counsel (Doc. 6)**

There is no constitutional right to counsel in a federal habeas corpus proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Under 18 U.S.C. § 3006A, the Court may permit the appointment of counsel for any financially eligible person seeking relief under 28 U.S.C. § 2254 if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the petitioner's ability to investigate facts and present claims. *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). Circuit courts have found no abuse of a district court's discretion in failing to appoint counsel in a federal habeas corpus proceeding where no

evidentiary hearing was required or the issues were straightforward and capable of resolution on the record. *Terrovona v. Kincheloe,* 912 F.2d 1176, 1177 (9th Cir. 1990); *Ferguson v. Jones,* 905 F.2d 211, 214 (8th Cir. 1990). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *See Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994); Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

After consideration of Petitioner's Motion, it appears at this juncture in the proceedings that the issues to be decided will be straightforward and capable of resolution on the record. Additionally, Petitioner has shown his capability to proceed pro se in this case by filing his Petition (Doc. 1) and the instant Motions (Docs. 6, 8). Accordingly, Petitioner's Motion to appoint counsel (Doc. 6) is **DENIED.**

Before turning to Petitioner's Motion to be released on bail (Doc. 8), the Court makes an additional observation. Petitioner's Motion for appointment of counsel includes allegations of an eye injury and of the denial of his request for protective control placement. (Doc. 6, at PageID 207-08). To the extent that Petitioner seeks to challenge the conditions of his confinement, such claims are not properly raised in a habeas case. *See Buoscio v. Stormer*, No. 5:12-cv-1824, 2013 WL 451812, at *2 (N.D. Ohio Feb. 6, 2013). Instead, such claims "would have to be asserted, if at all, in a civil rights action [or actions]." *Id*. As noted in the Court's Order granting Petitioner's Motion to proceed *in forma pauperis* (Doc. 4), Petitioner has a separate civil rights case currently pending in this Court. *See Nix v. Warden*, No. 1:26-cv-113 (S.D. Ohio) (Deficiency Order (Doc. 3) issued on February 17, 2026). Petitioner may not litigate civil rights claims in this habeas case.

**B.      Motion to be Released on Bail (Doc. 8)**

Next, the Court turns to Petitioner's Motion to be released on bail pending the outcome of his Petition.  (Doc. 8).  Although a federal court has authority to grant bail to a petitioner in a habeas corpus action pending a decision on the merits of the petition, *Dotson v. Clark*, 900 F.2d 77, 78–79 (6th Cir. 1990), such relief is reserved for the extraordinary case.  *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993), *superseded on other grounds by statute as recognized by*, *Pouncy v. Palmer*, 993 F.3d 461, 465 (6th Cir. 2021).  The Sixth Circuit has explained that because "a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case."  *Lee*, 989 F.2d at 871.  Therefore, in order to obtain release on bail pending a decision on the merits, the petitioner must show "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'"  *Id.* (quoting *Dotson*, 900 F.2d at 79, in turn quoting *Aronson v. May*, 85 S.Ct. 3, 5 (1964) (Douglas, J., in chambers)); *see also Pouncy,* 993 F.3d at 463; *Nash v. Eberlin,* 437 F.3d 519, 526 n.10 (6th Cir. 2006); *Greenup v. Snyder*, 57 F. App'x 620, 621 (6th Cir. 2003).  "It will be the rare occasion when an inmate will be able to satisfy this standard."  *Pouncy*, 993 F.3d at 463 (citing *Dodson*, 900 F.2d at 79).

In support of his Motion, Petitioner reasserts arguments made in his Petition.  He claims that he should be released because his "his identically situated codefendant . . . has been free since 2014."  (Doc. 8, at PageID 229).  He also seeks release based on the eye injury mentioned in his Motion for appointment of counsel.  (*Id*. at PageID 231).

But "[a] prisoner seeking bail pending review of his habeas petition must, amongst other

requirements, convince the district court that exceptional circumstances and the 'interests of justice' warrant relief." *Pouncy,* 993 F.3d at 463 (citing *Dodson*, 900 F. 23 at 79). District courts have limited exceptional circumstances justifying release during review "to situations where (1) the prisoner was gravely ill, (2) the prisoner committed a minor crime and is serving a short sentence, or (3) possibly where there was an extraordinary delay in processing the habeas petition." *Gideon v. Treglia*, No. 3:21-cv-2087, 2021 WL 6031492, at *3 (N.D. Ohio Dec. 21, 2021) (quoting *Blocksom v. Klee,* No. 11-cv-14859, 2015 WL 300261, at *4 (E.D. Mich. Jan. 22, 2015)). Absent a showing of an extraordinary circumstance justifying release in this case, Petitioner's Motion should be denied. *See Greenup,* 57 F. App'x at 621 (upholding the denial of bond in a habeas case, noting that the petitioner had "not demonstrated any unusual circumstances warranting the relief requested"); *Lordi v. Ishee*, 22 F. App'x 585, 586 (6th Cir. 2001) (same).

After consideration of Petitioner's Motion, the Undersigned concludes that Petitioner has not demonstrated exceptional circumstances to justify his release pending a decision on the merits of the Petition. He has presented no evidence that his alleged eye injury has left him gravely ill. *Cf. Puertas v. Overton,* 272 F.Supp.2d 621, 628–32 (E.D.Mich.2003) (finding exceptional circumstances where a seventy-six year old petitioner suffered from severe coronary artery disease and bladder cancer). Nor can Petitioner, who asserts in his February 2026 Petition that he was sentenced to twenty years in prison after pleading guilty to three aggravated robberies and involuntary manslaughter with a gun specification (Doc. 1, at PageID 1-2), argue that he committed a minor crime and is serving a short sentence or show any extraordinary delay in the processing of this recently filed habeas case.

Accordingly, it is **RECOMMENDED** that Petitioner's Motion to be released on bail (Doc. 8) be **DENIED**.

4

**IT IS THEREFORE ORDERED THAT**:

Petitioner's Motion for appointment of counsel (Doc. 6) is **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT**:

Petitioner's Motion for bail (Doc. 8) be **DENIED.**

**PROCEDURE ON OBJECTIONS**:

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date:   March 9, 2026                              /s/ Kimberly A. Jolson
                                                   KIMBERLY A. JOLSON
                                                   UNITED STATES MAGISTRATE JUDGE

5