**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | |
|---|---|
| DELSHAUN NIX, | : Case No. 2:26-cv-163 |
| | : |
| Petitioner, | : |
| | : District Judge Algenon L. Marbley |
| vs. | : Magistrate Judge Kimberly A. Jolson |
| | : |
| WARDEN, SOUTHERN OHIO | : |
| CORRECTIONAL FACILITY, | : |
| | : |
| Respondent. | : |

**REPORT AND RECOMMENDATION**

This 28 U.S.C. § 2254 habeas corpus case is before the Court on Petitioner's Motion to Proceed to Judgment.  (Doc. 12).  For the reasons below, the Motion should be **DENIED.**

First, Petitioner's Motion is, as base, a motion for default judgment.  He urges the Court to proceed to judgment on the ground that Respondent failed to timely respond to the habeas Petition.  (*Id*. at PageID 268).  But Respondent's response was timely filed.  By Order dated February 20, 2026, the Court directed Respondent to file an answer and the state court record within 60 days.  (*See* Doc. 4, at PageID 203).  Respondent timely filed the state court record on April 16, 2026, and the Return of Writ on April 17, 2026.  (Docs. 13; 14).

Additionally, even if Respondent's response had been untimely, which it was not, "[d]efault judgments are not available in federal habeas corpus cases as the writ of habeas corpus does not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treatises of the United States." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *superseded on other grounds by statute as stated in*, *Cobb v. Perini*, 832 F.2d 342 (6th Cir. 1987); *Jackson v. Lazaroff*, No. 1:16-cv-2072, 2017 WL 3098578, at *2 (N.D. Ohio June 13, 2017), *report and*

*recommendation adopted*, 2017 WL 3088252 (N.D. Ohio July 19, 2017) (recommending denial of a motion for default judgment); *Mapp v. Ohio*, No. 2:12-cv-1039, 2013 WL 4458838, at *1 (S.D. Ohio Aug. 20, 2013) (quoting *Ruff v. Jackson*, No. 1:04-cv-14, 2005 WL 1652607, at *2 (S.D. Ohio June 29, 2005)) (finding default judgments unavailable in habeas proceedings).

Before closing, the Court makes a final observation. Under the Court's February 20, 2026 Order, Petitioner had 21 days after the filing of the answer to file and serve a reply. (*See* Doc. 4, at PageID 204). Upon Petitioner's request, the Court has granted him an extension of time until June 14, 2026 to file his reply. (Doc. 16). Once the record is complete, the Court will address the Petition as expeditiously as possible. In this regard, to the extent Petitioner's Motion could be construed as a motion to expedite review, it is premature. Moreover, recognizing that courts try to adjudicate all matters, including habeas corpus petitions, in a timely manner, motions to expedite review are generally subject to denial "as unnecessary surplusage." *Floyd v. Burt*, No. 06-cv-10357, 2007 WL 295028, at *1 (E.D. Mich. Jan. 29, 2007).

Accordingly, it is **RECOMMENDED** that Petitioner's Motion to Proceed to Judgment (Doc. 12) be **DENIED**.

May 5, 2026                                         */s/ Kimberly A. Jolson*
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely

2

motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).